## VALENTINE ORTH *vs.* HENRY BAUER.

### June 25, 1888.

**Sale—Evidence—Declarations of Vendor.**—Evidence that one who had previously owned certain personal property, had declared and represented to divers persons that he had sold the same to another, to whom he delivers the possession thereof as the apparent owner, is sufficient to uphold a finding of title in the latter by the trial court, especially in favor of creditors of the alleged purchaser, who had acted upon such representations.

Appeal by plaintiff from a judgment of the district court for Wadena county, where the action was tried by *Sleeper*, J.

*Hartshorn & Coppernoll*, for appellant.

*A. G. Broker*, for respondent.

VANDERBURGH, J.   The controversy relates to the ownership of an undivided interest in a certain portable saw-mill.   It was originally owned by the defendant and plaintiff jointly.   It is found by the court that in the spring of 1886, the plaintiff sold out his interest therein to his son Rudolph, who thereupon took possession.   It is assigned as error that the evidence is insufficient to support this finding.   It is further found that the property in question was levied on under an execution issued upon a judgment against Rudolph, and sold thereunder to Peterson, the judgment creditor, in September, 1886, who thereafter sold the same to defendant for a valuable consideration, and that the defendant thereby acquired title to the property.   This finding is not complained of.   The evidence upon which the finding in respect to the title of Rudolph to the property chiefly rests, is the admissions and declarations of the plaintiff before and after Rudolph took possession.   The evidence is sufficient to sustain the finding that Rudolph took and held possession as owner during the sawing season of 1886, and that the plaintiff held him out as such to the public, and distinctly stated and admitted to divers persons, including Peterson, the execution creditor referred to, prior to the issuance of the execution, that he had sold the property to Ru-

dolph. These statements, in several instances, were made with so much particularity in respect to the circumstances of the sale and the consideration therefor, and repeated so frequently, and adhered to with so much persistency, that this court will not undertake to say that the trial court erred in holding that the evidence was sufficient to establish the title of Rudolph, especially in favor of the creditors of the latter who had acted upon such representations. It is urged, in explanation of these representations, that there were divorce proceedings between plaintiff and his wife then pending; and it was for his interest, in order to secure the most favorable settlement with her, to make it appear that he did not own the property, which he now insists Rudolph had leased, and not bought. That he was attempting to perpetrate a fraud upon his wife, and perhaps upon the court, will not, certainly, entitle him to special consideration. The question of his credibility was properly for the trial court, and, in view of the character of the evidence, this court will not disturb its finding. The exceptions to the reception of certain evidence do not appear to be insisted on in argument; but, admitting that some of it was improperly received, it could hardly have prejudiced the plaintiff.

Judgment affirmed.